IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CITIMORTGAGE, INC.,

        Plaintiff,

v.

DELORES S. DAVIS, TRELLIS EASON, and All Others,

        Defendants.

1:17-cv-236-WSD

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Janet F. King's Final Report and Recommendation ("R&R") [2], which recommends remanding this dispossessory action to the Magistrate Court of Douglas County, Georgia.

## I. BACKGROUND

On December 30, 2016, Plaintiff CitiMortgage, Inc. ("Plaintiff") initiated a dispossessory proceeding against its tenants, Defendants Delores S. Davis and Trellis Eason ("Defendants") in the Magistrate Court of Douglas County, Georgia. The Complaint asserts that Defendants are tenants at sufferance following a

foreclosure sale of the Property and seeks possession of premises currently occupied by Defendants.[1]

On January 20, 2017, Defendants, proceeding *pro se*, removed the Douglas County action to this Court by filing their Petition for Removal and an application to proceed *in forma pauperis* ("IFP Application") [1].[2] Defendants appear to assert that there is federal subject matter jurisdiction because there is a question of federal law in this action. Defendants claim in their Petition for Removal that "Respondent" violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and Rule 60 of the Federal Rules of Civil Procedure, "having a legal duty to abort eviction pursuant to O.C.G.A. 51-1-6 [sic]," and the Due Process Clause of the Fourteenth Amendment. (Petition for Removal [1.1] at 3). Defendants also assert counterclaims for "improper foreclosure" and that Plaintiff violated the Fifth and Seventh Amendments.

On January 23, 2017, Magistrate Judge King granted Defendants' application to proceed IFP. The Magistrate Judge then considered, *sua sponte*, whether there is federal subject matter jurisdiction. The Court found that federal

---

[1] No. 16MV09208.
[2] It appears that this action was removed by both Defendants, although the Court notes that only Trellis Eason signed the Petition for Removal, Civil Cover Sheet, and IFP Application.

subject matter jurisdiction was not present and recommended that the Court remand the case to the Magistrate Court of Douglas County.  The Magistrate Judge found that the Complaint filed in Magistrate Court asserts a state court dispossessory action and does not allege federal law claims.  Because a federal law defense or counterclaim does not confer federal jurisdiction, the Magistrate Judge concluded that the Court does not have federal question jurisdiction over this matter.  Although not alleged in their Petition for Removal, the Magistrate Judge also considered whether the Court has subject-matter jurisdiction based on diversity of citizenship.  The Magistrate Judge found that Defendants failed to allege any facts to show that the parties' citizenship is completely diverse, or that the amount in controversy exceeds $75,000.  The Magistrate Judge concluded that the Court does not have diversity jurisdiction over this matter and that this case is required to be remanded to the state court.

There are no objections to the R&R.

## II.    DISCUSSION

### A.    Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams

v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

   B.   Analysis

Defendants do not object to the R&R's finding that Plaintiff's Complaint does not present a federal question and that the parties are not diverse.  The Court does not find any plain error in these conclusions.  It is well-settled that federal-question jurisdiction exists only when a federal question is presented on the face of a plaintiff's well-pleaded complaint and that the assertions of defenses or counterclaims based on federal law cannot confer federal question jurisdiction over a cause of action.  See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002).  The record also does not show that Plaintiff and Defendants are citizens of different states, or that the amount in controversy exceeds the statutory threshold of $75,000.  See 28 U.S.C. § 1332(a); Carter v. Butts Cty., Ga., et al., 821 F.3d 1310,

4

1322 (11th Cir. 2006) (quoting Steed v. Fed. Nat'l Mortg. Corp., 689 S.E.2d 843, 848 (Ga. Ct. App. 2009)) ("[U]nder Georgia law, '[w]here former owners of real property remain in possession after a foreclosure sale, they become tenants at sufferance,'" and are thus subject to a dispossessory proceeding under O.C.G.A. § 44-7-50, which "provide[s] the exclusive method by which a landlord may evict the tenant"); Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 29, 2008) ("[A] dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to property is not at issue and, accordingly, the removing Defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement.").

Because the Court lacks both federal question and diversity jurisdiction, the Magistrate Judge recommended that this action be remanded to the state court. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Defendants did not object to this recommendation and the Court finds no plain error in it.[3, 4, 5]

---

3   Even if subject matter jurisdiction existed, the Court cannot provide Defendants the relief they seek—a stay of state court eviction proceedings—

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Janet F. King's Final Report and Recommendation [2] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action be **REMANDED** to the Magistrate Court of Douglas County, Georgia.

---

because a federal court is prohibited under the Anti-Injunction Act, 28 U.S.C. § 2283, from enjoining a state court eviction proceeding.

[4]   To the extent Defendants claim removal under Section 1443 based on their assertion that the state court dispossessory action violates their federal rights under the Fifth, Seventh, and Fourteenth Amendments, Defendants' broad assertions of general constitutional violations are "phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that section 1443 demands."  See Kopec v. Jenkins, 357 F. App'x 213, 214 (11th Cir. 2009) (quoting Georgia v. Rachel, 384 U.S. 780, 792 (1966)); see also 28 U.S.C. § 1443 (providing exception to the well-pleaded complaint rule for removal of an action that is "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States"); Rachel, 384 U.S. at 788 (Section 1443 requires defendant to show "both that the right upon which they rely is a 'right under any law providing for . . . equal civil rights,' and that they are 'denied or cannot enforce' that right in the courts of Georgia.").  Removal is not proper based on 28 U.S.C. § 1443 and this action is required to be remanded for this additional reason.

[5]   To the extent Defendants claim further that the Magistrate Court of Douglas County "lacks proper jurisdiction to settle this subject matter," (see [1.1] at 6), O.C.G.A. § 15-10-2(6) provides that "[e]ach magistrate court and each magistrate thereof shall have jurisdiction and power over . . . [t]he issuance of summons, trial of issues, and issuance of writs and judgments in dispossessory proceedings. . . ."

6

**SO ORDERED** this 29th day of March, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE