# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CITIMORTGAGE, INC., <br>                 Plaintiff, <br> v. <br> DELORES S. DAVIS, TRELLIS EASON, and all others, <br>                 Defendants. | 1:17-cv-236-WSD |

## OPINION AND ORDER

This matter is before the Court on Defendant Trellis Eason's ("Eason") "Amended Motion Objection and Response Answer to go Against Moot" [8], which the Court construes as his motion for reconsideration of the Court's March 29, 2017, Order [5] remanding this dispossessory action to the Magistrate Court of Douglas County, Georgia.

I.    **BACKGROUND**

On December 30, 2016, Plaintiff CitiMortgage, Inc. ("Plaintiff") initated a dispossessory proceeding against its tenants, Delores S. Davis and Trellis Eason (together, "Defendants"), in the Magistrate Court of Douglas County, Georgia. The Complaint asserts that Defendants are tenants at sufferance following a

foreclosure sale of the Property and seeks possession of premises currently occupied by Defendants.[1]

On January 20, 2017, Defendants, proceeding *pro se*, removed the Douglas County Action to this Court based on federal question jurisdiction. ([1.1]).

On January 23, 2017, Magistrate Judge King issued her Report and Recommendation [2] ("R&R"). The Magistrate Judge concluded that the Court does not have subject matter jurisdiction, based on federal question or diversity of citizenship, and recommended that this case be remanded. Defendants did not object to the R&R.

On March 29, 2017, the Court adopted the R&R and remanded this dispossessory action to state court for lack of subject matter jurisdiction. (March 29th Order [5]). The Court found that the Complaint filed in the Magistrate Court of Douglas County asserts a state court dispossessory action and does not allege federal law claims. Because a federal law defense or counterclaim does not confer federal jurisdiction, the Court concluded that it does not have federal question jurisdiction over this matter. The Court also found that Defendants failed to allege any facts to support that the parties' citizenship is completely diverse, or that the amount in controversy exceeds $75,000. The Court

---

[1] No. 16MV09208.

concluded that it does not have diversity jurisdiction over this matter and that this case is required to be remanded to the state court.

On May 10, 2017, Eason filed his Motion for Reconsideration.

## II. DISCUSSION

Eason removed this action based on federal question jurisdiction, and the Court's March 29th Order remanding this action for lack of subject matter jurisdiction is not reviewable in a motion for reconsideration or on appeal. See 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."); Bender v. Mazda Motor Corp., 657 F.3d 1200, 1204 (11th Cir. 2011) (affirming district court's denial of plaintiff's motion for reconsideration because the action was remanded to state court and was no longer pending in federal court, noting that "[e]ven if the district court erroneously remanded the case to state court, § 1447(d) prohibits the district court from reconsidering its remand order because the district court no longer had jurisdiction over the case"); Harris v. BlueCross/BlueShield of Ala. Inc., 951 F.2d 325, 330 (11th Cir. 1992) ("Unquestionably, § 1447(d) not only forecloses appellate review, but also bars reconsideration by the district court of its own remand order."). Because the case is no longer pending before this Court, the Court lacks jurisdiction to consider Eason's Motion for Reconsideration. See

28 U.S.C. § 1447(d); Bender, 657 F.3d at 1204; Harris, 951 F.2d at 330; Shoals T.V. & Appliance, Inc. v. Auto Owners Ins. Co., 791 F. Supp. 283, 287 (N.D. Ala. 1992) ("Once a district court certifies a remand order to state court it is divested of jurisdiction and can take no further action on the case.").

Even if the Court had jurisdiction to consider Eason's Motion for Reconsideration—which it does not—Eason does not assert the existence of "mistake, inadvertence, surprise, or excusable neglect," newly discovered evidence, fraud, or that the judgment has been satisfied or is no longer applicable. See Fed. R. Civ. P. 60(b); Rease v. Harvey, 376 F. App'x 920, 921 (11th Cir. 2010). Eason's Motion for Reconsideration fails to even address the basis for the Court's March 29th Order, remanding this dispossessory action to state court for lack of subject matter jurisdiction. Eason simply reiterates his belief that the underlying foreclosure, which led to the dispossessory proceeding, was wrongful. Eason has not presented any grounds upon which to support granting him relief from the Court's March 29th Order. See Fed. R. Civ. P. 60(b). Eason's Motion for Reconsideration is denied for this additional reason.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Trellis Eason's "Amended Motion Objection and Response Answer to go Against Moot" [8], construed as a Motion for Reconsideration, is **DENIED**.

**SO ORDERED** this 18th day of August, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE